IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

KING BRADLEY, JR. and
CHRISTIE BRADLEY,

    Plaintiffs,

v.                                                     No. 12-1196

AMERISTEP, INC. and
PRIMAL VANTAGE CO., INC.,

    Defendants.

---

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

---

Before the Court is the motion of the Plaintiffs, King Bradley, Jr. and Christie Bradley (sometimes referred to herein as "the Bradleys"), pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, to reconsider its June 6, 2014 order granting the motions of the Defendants, Ameristep, Inc. and Primal Vantage Co., Inc., to exclude the expert testimony of Charles Powell and for summary judgment. (D.E. 99.) "A district court may grant a timely Rule 59 motion to alter or amend judgment to correct a clear error of law; to account for newly discovered evidence or an intervening change in the controlling law; or to otherwise prevent manifest injustice." *Volunteer Energy Servs., Inc. v. Option Energy, LLC*, ___ F. App'x ___, 2014 WL 3843799, at *10 (6th Cir. Aug. 5, 2014) (quoting *Doran v. Comm'r of Soc. Sec.*, 467 F. App'x 446, 448 (6th Cir. 2012)). The purpose of the Rule is to "allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). Rule 59(e) motions may not be used to re-argue a case or to present new arguments that could have been raised prior to judgment. *Id.* A "mere disagreement" with a

court's initial decision does not support a Rule 59(e) motion. *Slate v. Am. Broad. Cos., Inc.*, ___ F. Supp. 2d ___, 2013 WL 6713178, at *3 (D.D.C. Dec. 20, 2013).

The Plaintiffs argue that the Court erred in failing to conduct a hearing pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) with respect to Powell. A district court is not required to hold an actual *Daubert* hearing. *Nelson v. Tenn. Gas Pipeline Co.*, 243 F.3d 244, 248-49 (6th Cir. 2001); *Greenwell v. Boatwright*, 184 F.3d 492, 498 (6th Cir. 1999). Rather, whether to conduct such a hearing lies within the discretion of the trial court. *Nelson*, 243 F.3d at 249. Where the admissibility of the expert testimony is fully briefed by the parties and it is clear from the record that there was an adequate basis from which to determine the reliability and validity of the expert's opinion, failure of the district court to hold a hearing is not an abuse of discretion. *Id.*

Plaintiffs advised the Court that Powell was to testify that the failure of Defendants to include an ultraviolet (UV) additive in the ratchet straps at issue in this case caused them to break. The Court excluded his testimony because the Plaintiffs failed to bear their burden of showing he was qualified to render expert testimony as to the defective design and/or manufacture of the straps. The basis for the Court's conclusion was that the evidence presented by the Plaintiffs indicated expertise in engineering, specifically metallurgy, but little in the way of polymer materials such as the ratchet straps used by Mr. Bradley. In the instant motion, the Bradleys insisted that "Defendants only argue[d] that Mr. Powell does not possess specific expertise in the assembly, installation and use of tree stand ratchet straps. Therefore, the Court injected its own issue into this case as to whether Mr. Powell was qualified as a materials expert." (D.E. 99 at 3 (internal citation omitted).) Thus, they contend, they were denied an opportunity to defend Powell's expertise. Plaintiffs'

2

assertion, clearly belied by the briefs, is specious at best.

      In their motion to exclude Powell's testimony, Defendants maintained:

> Although Mr. Powell does have some educational and professional background in engineering, he has absolutely no experience with anything that comes close to a treestand ratchet strap which is at issue in this matter.

*   *   *

> Once again, although Mr. Powell does have expertise, he has no expertise when it comes to this case to render opinions regarding the subject treestand ratchet strap. As set forth above, therefore, Mr. Powell lacks the specialized knowledge to render opinions concerning treestand straps.

*   *   *

> As set forth extensively above, Mr. Powell has no experience or expertise regarding treestand ratchet straps.

*   *   *

> He admittedly does not know how fast the straps will break down. He does not even know what weather condition caused the straps to break.

(D.E. 65-1 at 12, 13, 15, 17.)

      In response, Plaintiffs argued that Powell, in his engineering profession, evaluated physical aspects of materials failures and had previously been qualified as a materials expert in other cases. Over the course of several pages in their brief, plus an exhibit thereto, the Bradleys recounted the sources of their proffered expert's expertise in materials failures and his opinions with respect to the failure of the ratchet straps in this matter. They insisted in closing that

> Powell testified that [the strap] failed when it should, according to the manufacturer, have had a much longer life. He testified that UV additives would have strengthened the ratchet strap and prevented early deterioration from exposure to the elements. These elements are specifically those that the ratchet strap was designed to encounter. . . . [Defendants' arguments] are blatantly ignoring Powell's work with many load bearing straps and polymers[;] they attempt to characterize Plaintiffs' claims as an indictment on the hunting industry. The claims at issue, and those

3

> testified to by Mr. Powell, are that Defendants manufactured only the ratchet strap specifically designed to secure a platform to a tree and hold a person in an elevated position outdoors. Their strap failed, and Powell testifies, pursuant to his education and experience, why that failure occurred.

(D.E. 70 at 18-19.) In a motion to file a sur-reply in connection with their motion to exclude Powell as an expert, the Defendants pointed to a lawsuit filed in the Eastern District of Oklahoma in which Powell was determined to be unqualified to give expert testimony with respect to alleged design and/or manufacturing flaws in the same ratchet straps at issue here. The court in that case concluded with respect to Powell as follows:

> At the outset, the Court finds that Mr. Powell['s] expertise with regard to design of ratchet straps manufactured using polymer polypropylene webbing insufficient to qualify him as an expert on the design and manufacture of the 2008 Ratchet Straps. Although Mr. Powell is an accomplished engineer, his expertise appears to be strongly concentrated in the area of metallurgy. Significantly, Mr. Powell has very limited experience with UV inhibitors to polymer materials -- the very materials that are the subject of this case. As such, the Court finds that Mr. Powell's general engineering knowledge is insufficient to qualify him as an expert with regard to the 2008 Ratchet Straps at issue in this case.

(D.E. 84-1 at 5 (internal citation omitted).) While the Plaintiffs objected to the Defendants' reference to the Oklahoma case on several grounds, neither its disqualification of Powell as an expert nor its reasoning therefor was among them.

It is clear from the record, in the Court's view, that Powell's qualification as a materials expert was challenged by the Defendants and defended by the Plaintiffs. In their motion to reconsider, the Bradleys offer Powell's affidavit dated July 3, 2014, arguing that, had the Court held a *Daubert* hearing, he would have testified that he had performed "many failure analysis projects on non-metallic materials, like the polymer polypropylene webbing that was used" by the Defendants. (D.E. 99 at 4.) The affidavit also outlines Powell's qualifications as a materials expert. Assuming that Powell did not become qualified as a materials expert in the month between the date

4

of the Court's opinion -- June 6, 2014 -- and the date of the affidavit, the Plaintiffs offer no reason why the information contained therein was not presented to the Court earlier. At this point, it is simply too late.

The Plaintiffs also submit that the Court's conclusion that Powell's expertise was inadequate was the direct result of gamesmanship by Defendants. This gamesmanship, which the Bradleys argue should have prompted a *Daubert* hearing, took the form of the withholding of evidence as to the chemical make-up of the ratchet straps at issue until after the close of discovery. However, as the Court pointed out in its opinion, any late disclosure, while not condoned, had no bearing on the outcome of the case. Specifically, because the Court found that Powell was not qualified to render an opinion to which the chemical composition of the straps would have been relevant, the content of that opinion was of no consequence.

While Plaintiffs complain that the Court's exclusion of Powell's testimony worked a manifest injustice by resulting in a grant of summary judgment in favor of the Defendants, "[i]t is not the job of courts deciding motions for reconsideration to rescue parties from their strategic litigation choices," *see Conway v. A.I. duPont Hosp. for Children*, Civ. Action No. 04-4862, 2009 WL 1492178, at *7 (E.D. Pa. May 26, 2009), -- in this case, the choice of an expert not qualified to offer testimony. To do so "would allow parties who do not properly defend against summary judgment the ability to unnecessarily protract proceedings by claiming that their own poor strategy or mistakes entitles them to a second chance." *Id.*

The motion is, therefore, DENIED.

IT IS SO ORDERED this 12th day of August 2014.

                                              s/ J. DANIEL BREEN
                                              CHIEF UNITED STATES DISTRICT JUDGE